UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWANJUN KIM,

    Plaintiff,

v.

GRAND VALLEY STATE
UNIVERSITY, et al.,

    Defendants.
_____/

Hon. Paul L. Maloney

Case No. 1:16-cv-00309-PLM-PJG

## REPORT AND RECOMMENDATION

This matter is before the Court on defendants' motion to reassign this case to Chief Judge Robert J. Jonker pursuant to Western District of Michigan Local Civil Rules 3.3.1 and 3.3.2. (ECF No. 17). Defendants argue that the pending case is "related," as defined by Local Rule 3.3.1, to a previous case plaintiff filed against them; they alternatively argue that the two cases are "cognate" under Local Rule 3.3.2. Plaintiff, *pro se*, opposes this motion. (ECF No. 23). For the following reasons, I recommend that the motion be granted under the District's "cognate case" rule. W.D. MICH. LCIVR 3.3.2(c).

This is a *pro se* action in which plaintiff alleges that defendants made negligent and intentional misrepresentations in denying receipt of service of summonses in a previous case he filed against them. (Complaint, ECF No. 1). In the previous case, plaintiff, acting in *pro per*, brought a civil rights action, pursuant to 42 U.S.C. § 1983,

against defendant Grand Valley State University and six of the individually-named defendants in this case.[1] (*Gwanjun Kim v. Grand Valley State U., et al.*, No. 1:11-cv-233 (J. Jonker) (*Kim I*).

In *Kim I*, plaintiff filed several applications for default, alleging that defendants failed to timely answer after having been properly served with a copy of the complaint and summons. (*See Kim I*, ECF Nos. 11, 29, 32, 35). Magistrate Judge Hugh W. Brenneman, Jr., denied the applications as procedurally improper. (*Kim I*, ECF No. 48, PageID.254-56). Plaintiff thereafter filed an additional application for entry of default, as well as a later motion for default judgment. (*Kim I*, ECF Nos. 51, 80 ). Magistrate Judge Brenneman denied both, noting that "there was no basis for the Clerk's Office to enter either a default or a default judgment against any defendant." (*Kim I*, ECF No. 166, PageID.1133). Plaintiff unsuccessfully appealed Magistrate Judge Brenneman's denial of his applications for default to District Judge Robert J. Jonker. (*Kim I*, ECF Nos. 185, 192).

On March 27, 2012, the Court granted defendants' motion to dismiss *Kim I*, pursuant to Federal Rule of Civil Procedure 12(b)(6), and it entered judgment in favor of defendants. (*Kim I*, ECF Nos. 193, 194). Plaintiff appealed Judge Jonker's order affirming the denial of the applications for default, as well as the judgment. (*Kim I*, ECF No. 195). While the appeal was pending, plaintiff continued to litigate the service

---

[1] The only defendants named in this case that were not named in *Kim I* are Edward J. Bardelli and Gregory M. Kilby, who were the attorneys who represented the other defendants in *Kim I*.

of summons issue, filing a motion for relief from judgement under Rule 60(b)(3), claiming, among other things, that defendants engaged in fraud on the Court by misrepresenting the date they had been served with the complaint and summons. (*Kim I*, ECF No. 202, PageID.1450-53). The Court denied the motion, and plaintiff appealed that decision. (*Kim I*, ECF No. 209, 210). The Sixth Circuit affirmed the judgment of the Court by order dated February 11, 2013. (Order, No. 12-1401, found at *Kim I*, ECF No. 217).

Approximately two weeks after the Court of Appeals affirmed the dismissal of *Kim I*, plaintiff filed a second Rule 60 motion, repeating the same arguments he raised in the first. (*Kim I*, ECF No. 218). The Court denied that motion, as well as plaintiff's motion for leave to appeal. (*Kim I*, ECF No. 232, 236). Plaintiff again appealed. (*Kim I*, ECF No. 237). The Sixth Circuit again affirmed. (Order, No. 13-2354, found at *Kim I*, ECF No. 240).

In the pending action, plaintiff essentially seeks to re-litigate the issues relating to service of process and the denials of his applications for default in *Kim I*. In the instant case, he complains that defendants made a number of misrepresentation regarding service of the complaint and summons in the *Kim I* case that prevented him from obtaining a default judgment. (*See Gwanjun Kim v. Grand Valley State U., et al.*, No. 1:16-cv-309, Complaint, ECF No. 1, PageID.4-17 (J. Maloney) (*Kim II*)). The gravamen of this action, in other words, involves the actions of the defendants, as well as the Court's rulings, in the *Kim I* case.

According to the District's local rules, "[c]ases are deemed related when a filed case . . . arises out of the same transaction or occurrence and involves one or more of the same parties as a *pending* suit." W.D. MICH. LCIVR 3.3.1(d)(iii)(A) (emphasis supplied). While the issues relating to service of process in *Kim I* involve the "same transaction or occurrence" that is the subject of the pending suit, *Kim I* is no longer a pending case. Accordingly, it would appear that the related case rule does not apply.

This case does fall within the parameters of the District's "cognate case" rule, however. Under that rule, the Court has discretion to reassign cases to effect "the interests of justice and judicial economy" when, among other things, there is a determination that they involve "the same or similar questions of fact or law such that their assignment to the same judge is likely to effect a substantial saving of judicial effort." W.D. MICH. LCIVR 3.3.1(c). *Kim II* plainly involves the "same or similar questions of fact or law" as *Kim I* in that plaintiff's pending essentially seeks to re-litigate issues decided in *Kim I*.

Plaintiff's opposition to the motion for reassignment is largely unintelligible. His response appears to re-argue the issues raised in *Kim I*, noting that "[t]he present action is raised by the Case No. 1:11-cv-00233-RJJ-HWB (Kim 1), which was presided over by Chief Judge Robert J. Jonker." (*Kim II*, ECF No. 23, PageID.123) (footnote omitted). This is an implicit acknowledgment of the interrelatedness of the issues in *Kim I* and *Kim II*, which supports reassignment of this case to Chief Judge Jonker.

**Recommended Disposition**

For the reasons set forth herein, I find that *Kim I* and *Kim II* are cognate cases, as defined by Local Rule 3.3.2(c)(I). Accordingly, I recommend that defendants' motion to reassign this case (ECF No. 17) be granted, and that Judge Maloney and Chief Judge Jonker consider the reassignment of this case to Chief Judge Jonker pursuant to the provisions of Local Rule 3.3.2(c)(ii).


Date:  June 10, 2016                            Respectfully submitted,

                                                                                 /s/ Phillip J. Green
                                                                                 PHILLIP J. GREEN
                                                                                 United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).