UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GWANJUN KIM,<br>      Plaintiff,<br><br>-v-<br><br>GRAND VALLEY STATE UNIVERSITY,<br>et al.,<br>      Defendants. | No. 1:16-cv-309<br><br>HONORABLE PAUL L. MALONEY |

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO REASSIGN CASE, AND REASSIGNING CASE**

Plaintiff GwanJun Kim filed this lawsuit on March 28, 2016. Kim is proceeding without an attorney and has been granted *in forma pauperis* status. In the complaint, Kim discusses a prior case filed in 2011 against many of the same defendants. Although the complaint is not a model of clarity, the claims appear to arise from the prior litigation and the events that gave rise to the earlier lawsuit.

Defendants filed a motion to reassign the case (ECF No. 17) which was referred to the magistrate judge for a report and recommendation. The magistrate judge issued a report (ECF No. 28) recommending that the lawsuit be reassigned to Chief Judge Jonker, who presided over the earlier lawsuit. Kim filed an objection (ECF No. 29) and brief (ECF No. 30). The Western District of Michigan has several rules designed to have related or cognate cases assigned to a single judge. *See* W.D. Mich. LcivR. 3.3.1(d) and 3.3.2. Assigning related or cognate cases promotes judicial economy.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which

objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court finds the state of facts and the legal conclusions in the report and recommendation sound and persuasive. Kim has not challenged any of the facts outlined in the report. Kim requests that the case not be reassigned to Judge Jonker. Kim generally complains that Judge Jonker did not provide fair treatment during the previous lawsuit. But adverse rulings are not a sufficient reason for a judge to be excused from presiding over a lawsuit. *Jewell v. Ohio State Univ.*, 941 F.2d 1209 (6th Cir. Aug. 14, 1991) (unpublished table opinion); *Lorange v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994) (citing *Berger v. United States*, 255 U.S. 22, 31 (1921)). For a bias to be personal against the party, and a basis for disqualification, it must arise from some extra-judicial source. *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 964 (5th Cir. 1980) (citing, *inter alia*, *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Kim's allegations relate only to the adverse rulings and do not demonstrate a basis for disqualifying Judge Jonker from presiding over this new lawsuit.

Therefore, Kim's objections (ECF Nos. 29 and 30) are **OVERRULED**. The Report and Recommendation (ECF No. 28) is **ADOPTED** as the opinion of this Court. Defendants' motion to reassign the case (ECF No. 17) is **GRANTED**, and the Clerk shall **REASSIGN** this lawsuit to Chief Judge Jonker pursuant to the approved proceedure. **IT IS SO ORDERED.**

Date:  July 18, 2016           /s/ Paul L. Maloney
                               Paul L. Maloney
                               United States District Judge